## VALENTI v. PRUDENTIAL INS. CO. OF AMERICA.

District Court, W. D. Missouri, W. D.
Dec. 16, 1932.

Frank Benanti and Julius C. Shapiro, both of Kansas City, Mo., for plaintiff.

Roy P. Swanson, Kenneth E. Midgley, and Albert L. Reeves, Jr., all of Kansas City, Mo. (Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., of counsel), for defendant.

OTIS, District Judge.

Trial by jury was waived in this case and the case submitted to the court for decision upon an agreed statement of facts.

One Nick Valenti, now deceased, entered into two contracts of life insurance with the defendant. One of these contracts was embodied in a policy issued under date of October 23, 1922. It is stipulated that the face amount of the insurance therein granted to Valenti was $404. The original policy contained no provision for double liability in the event of accidental death, but on November 26, 1928, the defendant issued a circular styled, "Double Insurance for Death by Accidental Means," the benefit of which was extended by the defendant to those already having policies, including Valenti. No additional premium was required by this circular.

It was provided in the circular which, it is agreed, became a part of the contract with Valenti, that: "Upon receipt of due proof that the insured after attainment of age 15 and prior to the attainment of age 70, has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of the policy (but in no case prior to December 10, 1928) and resulting in the death of the insured within ninety days from the date of such bodily injury while the policy is in force, *and while there is no default in the payment of premium,* the company will pay in addition to any other sums due under the policy and subject to the provisions of the policy an accidental death benefit equal to the face amount of insurance stated in the policy less the amount of any disability benefit which has become payable under the policy on account of the same bodily injury. * * * "

At the time of his death Valenti was in default in the payment of premiums on the policy in question. The defendant has tendered the administrator of his estate $404 (and accrued dividends). The contention of the plaintiff is that the defendant owes double that amount by reason of the accidental death of Valenti.

It goes without saying that if the question raised by this contention is to be decided

in accordance with the very terms of the contract, the question must be resolved in favor of the defendant, for the contract expressly provides that the accidental death benefit is payable only if "there is no default in the payment of premiums." Plaintiff's contention assumes the invalidity of this provision of the contract by reason of the provisions of certain Missouri statutes. The effect of those statutes is then the principal matter to be here considered.

■ Certainly any provision in the contract of insurance as entered into between the parties which · is inconsistent with an applicable state statute of the state where the contract was made is without effect. This contract, so far as it provided for an accidental death benefit, was entered into November 26, 1928, the date of defendant's circular. The only statute then in force which has any bearing on the question here is what is now section 5741, R. S. Mo. 1929 (Mo. St. Ann. § 5741), being section 6151, R. S. Mo. 1919, as amended by the General Assembly of Missouri in 1923, Laws Missouri 1923, p. 233. So much of that section as needs to be considered is as follows: "No policies of insurance on life hereafter issued by any life insurance company authorized to do business in this state shall, after payment upon it of three or more annual payments, be forfeited or become void by reason of non-payment of premiums thereon, but it shall be subject to the following rules of commutation, to-wit: [From the net value of the policy certain deductions shall be made] the balance shall be taken as a net single premium for temporary insurance (extended insurance). *The amount of such temporary insurance shall be such as is specified in the policy, but never less than the face amount insured by the policy.* \* \* \*"

Before this statute can be applied to the contract here it is necessary to answer two questions: First, what was the amount of temporary insurance specified in the policy here involved; and, second, was that amount less than the face amount insured by the policy?

What then was "specified in the policy" as to the amount of temporary or extended insurance in the event of default in the payment of premiums?

The policy, as originally issued, provided that: "If this policy lapse for non-payment of premium after premiums have been paid for three full years or more, the insured, without any action upon his or her part, will become entitled to non-participating extended insurance for the respective term specified in the following table. The amount of insurance payable if death occur within said term shall be the same amount as that which would have been payable if this policy had been continued in force, except as to dividend additions subsequent to the date of lapse."

■ But this provision in the original policy cannot be read alone in determining the amount of temporary or extended insurance "specified in the policy." The circular providing benefits for accidental death is a part of the policy. The circular, in effect, provides that the temporary or extended insurance payable under the policy shall not include any accidental death benefit. When the whole contract, made up of the original policy and the circular, is read together, it must be said that the temporary or extended insurance "specified in the policy" is "the same amount as that which would have been payable if (the) policy had been continued in force, except as to dividend additions subsequent to the date of lapse," *and except as to any benefit for accidental death.*

Interpreting the contract as I have thus interpreted it, it must be said that the amount of temporary or extended insurance "specified in the policy" here was $404 and no more.

The question remaining is: Is $404 less than "the face amount insured by the policy"? But this is no question, since the parties have stipulated that the "face amount of the insurance" as to this policy was $404. Moreover, in the policy itself and in the circular it is that amount which is repeatedly described as the "face amount of insurance stated in the policy."

The reliance of the plaintiff in this case has been on the decision of the Court of Appeals for the Eighth Circuit in New York Life Insurance Company v. Rositzky, 45 F. (2d) 758, 760, and on the decision of this court in the same. case. Clearly, however, there is a most significant distinction to be drawn between the applicable statute (section 6151, R. S. Mo. 1919) in the Rositzky Case and the applicable statute here. The statute in that case provided that the temporary or extended insurance should be "for the full amount written in the policy." The statute applicable here provides for temporary or extended insurance as fixed by the terms of the policy unless that amount shall be less than the face amount of the policy. I consider that the Rositzky Case is of no value in the decision of this case. The parties here are bound by the terms of the con-

tract. In no way are those terms inconsistent with any Missouri statute. They are not, therefore, made void by any such statute.

I have referred only to that one of the two policies issued by the defendant on the life of Valenti in which the face amount of insurance granted was $404. The case involves also another policy in the face amount of $603. The same reasoning applies as to each of these contracts and the amounts payable under them.

### Findings of Fact.

I find the facts to be as stipulated by the parties in the agreed statement of facts filed in this case.

### Conclusions of Law.

1. Under the law and the facts stipulated by the parties hereto, and in view of the fact that the defendant has paid to the clerk of this court the sum of $1,076 under the provisions of its answer, the judgment must be for the defendant as to both counts of plaintiff's petition.

2. There was no vexatious refusal to pay in this case on the part of the defendant.

3. The amount of $1,076 paid by defendant to the clerk of this court is payable to Ben Valenti, administrator of the estate of Nick Valenti, deceased, and not to Ben Valenti in his individual capacity.

4. The provision contained in the accidental death provision added to the policies here involved under date of December 10, 1928, to the effect that the accidental death provisions were applicable "while the policy is in force and while there is no default in the payment of premiums," are valid and legal and a binding limitation upon the applicability of said provisions. The accidental death benefits under the policies were not payable on the date of the death of Nick Valenti, because at that time there had been and remained default in the payment of premiums on each of said policies as to all premiums due on and after June 23, 1930, and said policies were at the time of the death of said Nick Valenti running under extended insurance.

5. There was no insurance under the ac-

cidental death benefit provisions contained in the defendant's circular until December 10, 1928, and the provisions relating thereto were not effective prior to that date for any purpose or in any event.

6. For the purposes of this case the right to extended or temporary insurance under the provisions as to accidental death benefits are to be determined by section 6151, R. S. Mo. 1919, as amended by the Laws of Missouri for 1923, p. 233, now section 5741, R. S. Mo. 1929 (Mo. St. Ann. § 5741).

7. Section 5741, R. S. Mo. 1929 (Mo. St. Ann. § 5741), does not nullify or render void the provisions in the policies here to the effect that accidental death benefits are not payable in the event of any default in the payment of premiums on the policies.

8. Under the provisions of section 5741, R. S. Mo. 1929 (Mo. St. Ann. § 5741), the amount of temporary or extended insurance required is such as is specified in the policy sued on, but not less than the face amount insured by said policies reduced by the unpaid portion of notes and indebtedness secured by said policies, and the amounts of temporary or extended insurance specified in the policies in suit are the ordinary death benefits as specified in said policies (face amounts plus paid-up additions at the time of lapse), and said policies did not specify that the amounts in the provisions relating to accidental death benefits (which were in addition to the face amounts of said policies) should be included in the temporary or extended insurance. The amounts of temporary or extended insurance specified in the policies were not less than the face amounts of such policies.

The plaintiff is granted an exception to each and every of the foregoing conclusions of law.

The plaintiff has requested, in writing, certain declarations of law, being requested declarations from 1 to 14, inclusive, each of which is denied and to the denial of each of which the plaintiff is allowed an exception.

Counsel for the defendant will prepare and submit for approval and filing a judgment entry in accordance with the foregoing.